RAYMOND NEGRON, ESQ.
*Attorney for Plaintiff Robert Kurtz*
223 North Country Road
Mount Sinai, New York 11766
(631) 928-3244

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT KURTZ,

                Plaintiff,

       -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, JOHN DOE 1-10 (DOE defendants representing unidentified civilian and police officer members of the Suffolk County Police Department involved with the taking and conversion of Plaintiff's property and the unlawful retention of Plaintiff's property),

                Defendants.
-------------------------------------------------------------------X

Civil Case No.: CV-22-4828

**COMPLAINT**

Jury Trial Demanded

Plaintiff, ROBERT KURTZ, by his attorney, RAYMOND NEGRON, ESQ., for his Complaint respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action for monetary damages and equitable relief brought under 42 U.S.C. §1983 against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Fourth and Fourteenth Amendments of the United States Constitution. This is *not* a cause of action for any violations of the Law Enforcement Officers Safety Act.

**JURISDICTION**

2. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343 in that defendants' conduct violated rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments of the United States Constitution.

3. Venue in this District is proper under 28 U.S.C. §1391(b), since plaintiff's claims arose in the Eastern District of New York and upon information and belief, all parties currently reside or maintain their offices for employment in Suffolk County, New York.

## PARTIES

4. At all times hereinafter mentioned, plaintiff ROBERT KURTZ ("Plaintiff") was a resident of Suffolk County, New York State currently residing at 151 Gleeland Street, Deer Park, New York 11729.

5. At all times hereinafter mentioned, Defendant COUNTY OF SUFFOLK was and continues to be a duly constituted municipal corporation of the State of New York existing and operating under and by virtue of the laws of the State of New York with a principle place of business located at 100 Veterans Memorial Highway, Hauppauge, New York 11788. At all times hereinafter mentioned, this defendant was acting under the color of law.

6. At all times hereinafter mentioned, defendant SUFFOLK COUNTY POLICE DEPARTMENT (SCPD) was and continues to be an agency of Defendant, the COUNTY OF SUFFOLK, and is headquartered at 30 Yaphank Avenue, Yaphank, New York 11980. At all times relevant to this complaint, this defendant was acting under the color of law.

7. At all times hereinafter mentioned, defendants JOHN DOE 1-10 are fictitious names representing unidentified employees of the Suffolk County Police Department involved in the investigation of Plaintiff and who participated in the refusal to return / unlawful retention of

Plaintiff's property. These defendants were and/or continue to be employees of Defendants COUNTY OF SUFFOLK and/or SUFFOLK COUNTY POLICE DEPARTMENT. At all times hereinafter mentioned, these defendants were acting under the color of law. They are being sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

8. Plaintiff has served honorably in the United States Army and Army Reserve as a Military Policeman since 1984 earning service ribbons in Bosnia in 1997, Korea in 2011, Kuwait in 2020, and Japan in 2021; He currently holds the rank of Command Sergeant Major, the highest rank an enlisted soldier can achieve.

9. Plaintiff retired from the New York City Police Department at the rank of Detective in 2011 where his last assignment was on the Emergency Services Unit. **Exhibit A**.

10. 18 U.S. Code § 926(C) (aka: HR-218; aka: Law Enforcement Officers Safety Act) (LEOSA) codifies the statutory right and authority for qualified retired law enforcement officers to possess and carry concealed pistols anywhere in the United States notwithstanding any state laws regarding licensing.

11. In sum and substance, LEOSA provides that "Notwithstanding any other provision of the law of any State or political subdivision thereof", qualified law enforcement officers do not need a pistol license to own, possess, or carry concealed a pistol in any state.

12. Plaintiff is and has been a Suffolk County resident since 1995.

13. Plaintiff held a New York State Pistol License from 2011 (after his retirement from the NYPD) though its expiration in approximately February of 2021.

14. Defendant SCPD has a long-standing policy of accepting and holding lawfully

3

owned pistols of residents of Suffolk County for safekeeping at the request of any resident.

15. Plaintiff voluntarily gave his black Sig Sauer model P226, 9mm pistol, serial number 4656295 (Pistol) to the Desk Sergeant at the SCPD 1st Precinct in Babylon, New York on November 30, 2019 for safe keeping while he (Plaintiff) served an active duty tour in Kuwait. **Exhibit B**.

16. Plaintiff returned from his tour of duty in Kuwait in August 2020, and then deployed to Japan in November of 2020.

17. Plaintiff returned from his tour of duty in Japan in March 2021.

18. Upon Plaintiff's return from active duty in Japan, he qualified with a semi-automatic pistol to meet the eligibility for coverage under LEOSA on or about March 26, 2021.

19. On or about March 27, 2021 Plaintiff called the 1st Precinct of the SCPD to request his Pistol be returned to him and the officer Plaintiff spoke to referred Plaintiff to the SCPD Pistol License Section (PLS).

20. Plaintiff called the SCPD PLS and learned that his New York State Pistol License (which he surrendered along with his pistol) had expired and Defendants would not return his Pistol until his license had been restored.

21. Plaintiff informed the person on the telephone that he was a qualified law enforcement officer and pursuant to LEOSA he did not need a pistol license and the person on the phone said in sum and substance that SCPD did not recognize LEOSA or its provisions.

22. In or around June 2021 Plaintiff went to the SCPD PLS in Yaphank and spoke to a civilian named "Kathy(?)" who informed Plaintiff that the SCPD PLS did not recognize any rights or privileges under LEOSA and that the SCPD would not return his Pistol to him until his pistol license was restored.

23. Plaintiff left the SCPD PLS and drove directly to the SCPD Property Section where he asked for his Pistol, showed his identification cards demonstrating his authority to possess and carry concealed a pistol under LEOSA, and the officer at the Property desk confirmed that Plaintiff could not have his Pistol back until the SCPD PLS authorized the SCPD Property Section to release it to him (Plaintiff).

24. Between June 2021 and June 2022, Plaintiff called the SCPD on at least four different occasions and demanded his Pistol be returned and that he did not need a New York State Pistol License to possess or carry a pistol and Defendants refused his request on each occasion.

25. In June of 2022 Plaintiff submitted his application for the renewal of his expired New York State Pistol License to the SCPD PLS and informed them that he (Plaintiff) was preparing for a military deployment to Texas.

26. When Plaintiff submitted his application to the SCPD PLS, "Kathy(?)" informed Plaintiff that because Plaintiff was imminently deploying with the military, his application would not get any priority treatment and that the application would be addressed upon Plaintiff's return from active military duty.

27. Plaintiff informed "Kathy(?) of Plaintiff's authority to possess and carry concealed a pistol under LEOSA and "Kathy(?)" informed Plaintiff that the SCPD PLB did not recognize any authority to possess or carry concealed pistols under LEOSA.

28. In accordance with LEOSA, Plaintiff is, and at all times relevant to this litigation was, a Qualified Retired Law Enforcement Officer with no legal barriers preventing his possession and carrying concealed any pistol, including his own.

29. Plaintiff last completed his LEOSA qualification on May 20, 2022. **Exhibit C**.

30. Defendants have had a long-standing policy of informing Suffolk County resident retired law enforcement officers that they (retired law enforcement officers) need a New York State Pistol License issued by Defendants in order to own, possess, and/or carry concealed a pistol in Suffolk County.

31. Defendants have known or should have known since the passing and codification of LEOSA that qualified law enforcement officers are exempt from any and all laws in New York State regarding the possession and/or carrying concealed pistols and the requirement for a pistol license.

32. Defendants have refused to return Plaintiff's Pistol without any legal justification for the refusal.

33. Defendants have refused to return Plaintiff's Pistol under the color of law, that being the nature of their positions as police department employees and a police department.

34. Defendants have failed to properly train their employees about LEOSA.

35. Defendants are and at all times relevant to this action have been fully aware or should have been fully aware that Plaintiff does not need a pistol license to own, posses, or carry concealed a pistol anywhere in New York State.

36. Defendants have acted with malice with respect to their refusal to return Plaintiff's personal property (Pistol).

37. Defendants have not offered any type of hearing or opportunity to be heard regarding the subject of their refusal to return Plaintiff's property (Pistol).

38. Plaintiff admits that there is a time period from March 26, 2022 through May 19, 2022 (fifty-five days) where he was not covered under the provisions of LEOSA because his range qualification had expired, however this expiration was not relevant to Plaintiff at the time

6

inasmuch as he was not in possession of his Pistol (still unlawfully retained by Defendants) and had no need to ensure his range qualification did not lapse.

39. Plaintiff has been unlawfully deprived of his property by Defendants since March 25, 2021 and those damages are continuing through the day of the filing of this action and there past.

40. There are and never were any other legal impediments in 2021 or 2022 that inhibit, interfere with, or otherwise prevent Plaintiff from possessing a pistol.

41. Plaintiff has made repeated requests for the return of the property including the service of a Notice of Claim upon the Suffolk County Attorney.

42. This is NOT a cause of action for any rights under LEOSA. LEOSA is NOT a cause of action or the underlying source of authority for any causes of action herein; it is merely the statutory reason the behavior complained of herein is a violation of Plaintiff's 4th and 14th Amendment Rights under the color of law.

## AS AND FOR A FIRST CAUSE OF ACTION

### 42 U.S.C. §1983 – Violation of Plaintiff's 14th Amendment Due Process Rights

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "42" above as if fully set forth herein.

44. An individual is afforded Due Process protection under the Fourteenth Amendment of the United States Constitution in regard to governmental seizure, retention, and confiscation of property.

45. Plaintiff's Pistol (more particularly described in **Exhibit B**), is property to which he is afforded Fourth Amendment protection to posses and Fourteenth Amendment Due Process

protection.

46. Defendants, acting under color of law, have enacted a policy under which they routinely and wrongfully seize, retain and confiscate property, including pistols, without providing a mechanism under which the owner of the property can reclaim the property or be heard on the subject.

47. Because of LEOSA, none of the New York State laws Defendants rely upon to retain Plaintiff's property (Pistol) are applicable to Plaintiff.

48. By failing to provide Plaintiff with any notice or opportunity to be heard for the unlawful retention of his personal property (Pistol), the taking and conversion is a violation of Plaintiff's Fourteenth Amendment right to due process of law.

49. Defendants have further violated Plaintiff's Fourteenth Amendment due process rights by failing to have a procedure in place under which Plaintiff could challenge this illegal conduct.

50. By requiring Plaintiff to take affirmative steps, including, *inter alia*, the preparation of formal legal pleadings, the payment of a filing fee, the hiring of an attorney, and the subsequent participation in all formal procedural devises of a trial court action, to challenge this unlawful seizure of plaintiff's property, defendants have acted unreasonably and unconstitutionally in violation of the Due Process Clause of the Fourteenth Amendment.

### AS AND FOR A SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 – Violation of Plaintiff's 4th Amendment Right Against Unreasonable Search and Seizure

51. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "50" above as if fully set forth herein.

52. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures of their property by the government.

53. Defendants, acting under color of law, unreasonably and unlawfully refuse to return Plaintiff's property (Pistol) without any legal reason, authority, or cause.

54. Accordingly, by refusing to return Plaintiff's property (Pistol) to him Defendants have and continue to violate Plaintiff's Constitutional right under the Fourth Amendment which protects against unreasonable searches and seizures by the government.

### AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. §1983 – *Monell* Claim

55. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "54" above as if fully set forth herein.

56. Defendants, by a pattern of neglect, malfeasance and nonfeasance have illegally, unnecessarily, wantonly and willfully caused Plaintiff's property to be unlawfully retained without providing a mechanism under which Plaintiff can reclaim his property.

57. Upon information and belief, it is the custom, policy and practice of Defendants to tolerate, condone and encourage Constitutional violations, such as those alleged by Plaintiff above, by unlawfully seizing and retaining legally possessed property without providing a mechanism under which an individual whose legally possessed property was seized could reclaim his property.

58. These longstanding customs, policies and practices constitute Defendants' standard operating procedures.

59. These customs, policies and practices include, *inter alia*, an ongoing pattern and practice of unlawfully seizing legally possessed property and retaining said property indefinitely

without providing a reason why the property continues to be retained and without providing any mechanism for an individual to reclaim the property.

60. Defendants expressly encouraged, ratified and/or approved of the conduct alleged herein, and knew that such conduct was unjustified and would result in violations of Constitutional rights, including the violation of Plaintiff's Constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Conversion

61. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "60" above as if fully set forth herein.

62. Since March 25, 2021 Defendants unjustifiably, and without due process, have retained Plaintiff's property (Pistol).

63. Defendants continue to retain possession of Plaintiff's property (Pistol) without cause or legal authority and without a remedy for Plaintiff.

64. The fair and reasonable total value of the property remaining in Defendants' possession is $3,000.00 plus interest.

65. By reason of the foregoing, Plaintiff has been damaged in the sum of $3,000.00 plus interest or an amount to be determined by a jury representing the value of the property remaining in Defendant's possession.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Replevin

66. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through

10

"65" above as if fully set forth herein.

67. Defendants posses Plaintiff's property (Pistol).

68. The retention and refusal to return Plaintiff's property (Pistol) is wrongful, unlawful, and unjustified.

69. Plaintiff deserves and demands compensation for his property (Pistol) that has been unlawfully retained by Defendants.

70. By reason of the foregoing, plaintiff is entitled to an order and judgment of replevin directing that defendants return Plaintiff's property (Pistol).

## PRAYERS FOR RELIEF

**WHEREFORE**, plaintiff requests the following relief:

A. First Cause of Action: $1,000,000.00 in damages, punitive damages, costs and attorney's fees;

B. Second Cause of Action: $1,000,000.00 in damages, punitive damages, costs and attorney's fees;

C. Third Cause of Action: $1,000,000.00 in damages, punitive damages, costs and attorney's fees;

D. Fourth Cause of Action: $3,000.00 in damages and interest, $1,000,000 in punitive damages, costs and attorney's fees;

E. Fifth Cause of Action: the return of all of plaintiff's property currently in the defendants' possession and $1,000,000.00 in punitive damages; and

G. Attorney's fees and costs pursuant to 42 U.S.C. § 1988, or in an amount this Court deems proper and appropriate;

H. A declaratory judgment that defendants willfully violated plaintiff's rights secured

by the federal constitution, as alleged herein;

I. A declaratory judgment that qualified law enforcement officers residing in Suffolk County do not need a New York State Pistol License in order to possess or carry concealed pistols; LEOSA is a valid federal law in the State of New York and in Suffolk County.

J. An Order granting such other legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues of fact.

Dated: Mount Sinai, New York
August 16, 2022

Yours, etc.,

RAYMOND NEGRON, ESQ.
*Attorneys for Plaintiff Richard Weiss*
234 North Country Road
Mount Sinai, New York 11766
(631) 928-3244

## CERTIFICATION

State of New York )
                                )ss:
County of Suffolk )

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: discussions, letters, and records of the Plaintiff and Defendants.

                                                                                           _/s/ Robert Kurtz_
                                                                                           Robert Kurtz

Sworn and Subscribed before me
this ___ day of August, 2022

_/s/ Raymond Negron_
Notary Public

RAYMOND NEGRON
Notary Public State of New York
No. 02NE____
Qualified in Suffolk County
Commission Expires April 1, 20 26

16

*Docket Number: CV-22-4828*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HON. , D.C.J. / HON. , M.J.

---

# ROBERT KURTZ,

*Plaintiff,*

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICER LYNN VOLPE and JOHN DOES 1-10 (DOE defendants representing unidentified members of the Suffolk County Police Department involved with the seizure of plaintiff's property and the unlawful retention of plaintiff's property),

*Defendants.*

---

**COMPLAINT**

---

RAYMOND NEGRON, ESQ.
*Attorney for plaintiff*
234 North Country Road
Mount Sinai, New York 11766
(631) 928-3244
(631) 991-2005 (fax)
ffnegron@hotmail.com

17