
April 14, 2023

Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
Alphonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

        RE:    Kurtz v. County of Suffolk, et al.
                  22-cv-4828 (JMA) (JMW)

Dear Judge Azrack,

This Office represents the Suffolk County defendants (the "County Defendants") in the above-referenced matter. Pursuant to the Court's individual rules, the County Defendants respectfully request a pre-motion conference to seek permission to move for summary judgment pursuant to Fed.R.Civ.P. Rule 56. The Plaintiff brings two 42 U.S.C. § 1983 claims against the County Defendants for alleged Fourteenth and Fourth Amendment violations. He brings a *Monell* claim against the County Defendants for their purported pattern of unlawfully seizing and retaining legally possessed property. Finally, the Plaintiff brings claims of conversion and replevin.

The basic facts are not in dispute. The Plaintiff, a retired New York Police Department Detective, once possessed a valid New York State pistol license. On or about November 30, 2019, the Plaintiff voluntarily turned in a pistol to the Suffolk County Police Department (the "SCPD") for safekeeping before he left the country.[1] On February 1, 2021, the Plaintiff's New York State pistol license expired and the SCPD cancelled it. Later in 2021, the Plaintiff attempted to obtain the pistol from the SCPD. The SCPD refused to give the pistol to the Plaintiff until he had a valid New York State pistol license. The Plaintiff claimed that he did not need a New York State pistol license to obtain a pistol from the SCPD because he was a qualified retired law enforcement officer[2] under 18 U.S.C. § 926C, also known as the Law Enforcement Officers Safety Act ("LEOSA"). All causes

---

[1] The Plaintiff, also a U.S. Army Reserve military policeman, returned to the United States in 2020 and then left the country again on a military deployment. On or about December 7, 2020, the SCPD mailed a license renewal application to the Plaintiff. The post office returned the application to the SCPD, however, because the Plaintiff's address on file with the SCPD was not valid. According to the SCPD's Pistol License Handbook, a licensee must report a change of home address or telephone number within 10 days of occurrence. The Plaintiff has since submitted a new pistol license application to the SCPD and is awaiting approval.

[2] The County Defendants do not concede this point.

of action here involve this question: does a LEOSA-qualified retired law enforcement officer[3] need a New York State pistol license in order to obtain a pistol in New York State?

"Congress created LEOSA in 2003 'to protect officers and their families from vindictive criminals, and to allow thousands of equipped trained and certified law enforcement officers, whether on-duty, off-duty or retired, to carry concealed firearms in situations where they can respond immediately to a crime across state and other jurisdictional lines.'" *Burban v. City of Neptune Beach, Florida*, 2018 WL 1493177, at *1 (M.D. Fl. Mar. 27, 2018) (quoting S. Rep. No. 108–29, at 4 (2003), available at 2003 WL 1609540). "LEOSA achieves this purpose by establishing 'a mechanism by which law enforcement officers may travel interstate with a firearm.'" *Id.* (quoting S. Rep. No. 108–29, at 4). Thus, in pertinent part, LEOSA allows qualified law enforcement personnel, retired and active, to carry concealed firearms across state lines, regardless of whether the states involved would otherwise permit such activity. See *D'Aureli v. Harvey*, 2018 WL 704733, at *4 (N.D.N.Y. Feb. 2, 2018) (citing *Friedman v. Las Vegas Metro. Police Dept.*, No. 2:14-CV-0821, 2014 WL 5472604, at *5 (D. Nev. Oct. 24, 2014) ("Rather than affirmatively requiring states to issue concealed carry licenses to retired police officers, LEOSA merely permits retired officers who already possess a concealed-carry permit to bring a concealed firearm across state lines")).

This is not the first time that there has been a civil suit against Suffolk County in effect "assert[ing] that LEOSA grants qualified retired officers the unfettered right to possess a concealed weapon, regardless of state licensing laws and regulations." *Negron v. Suffolk County Police Department*, 2020 WL 3506061, at *7 (E.D.N.Y. June 29, 2020) (granting County's motion for summary judgment). "[T]he statute's language only demonstrates an intent to bar the criminal prosecution of retired law enforcement officers who carry concealed firearms in interstate commerce." *Id.* (quoting *Johnson v. N.Y. State Dep't of Corr. Servs.*, 709 F. Supp. 2d 178, 187 (N.D.N.Y. 2010)); see also *Carey v. Throwe*, 957 F.3d 468, 480 (4th Cir. 2020). Here, as in *Negron*, "LEOSA is inapplicable for the simple reason that Plaintiff was not criminally charged for carrying a concealed weapon as a LEOSA-qualified retired officer." *Negron*, at *7.

Under New York State law, a pistol license is required to purchase, obtain, or possess a handgun. N.Y.S. Penal Law § 400.00. Moreover, as the SCPD's Pistol License Handbook notes, "You are only authorized to possess the handguns listed on your pistol license." Given that Plaintiff no longer had a valid pistol license, let alone one on which pistols could be listed, he was not authorized to obtain a pistol in New York State. LEOSA does not enable retired law enforcement personnel to purchase or otherwise obtain pistols in any and every state without a license. "LEOSA's text imposes no limit on states' extant regulatory authority over local firearms." *Carey*, 957 F.3d at 480.

The Plaintiff realizes that LEOSA does not itself create a cause for action under 42 U.S.C. § 1983. See Complaint, Paragraph 1; see also *Ramirez v. Port Authority of N.Y. and N.J.*, 2015 WL 9463185, at *6 (S.D.N.Y. Dec. 28, 2015); *Johnson*, 709 F. Supp. 2d at 185; *Carey*, 957 F.3d at 479. Instead, the Plaintiff alleges Fourth and Fourteenth Amendment violations, arguing that, "because of LEOSA, none of the New York State laws Defendants rely upon to retain Plaintiff's property (Pistol) are applicable to Plaintiff." Complaint, Paragraph 47. The Plaintiff maintains that LEOSA creates entitlements making the SCPD's refusal to return the pistol allegedly unreasonable and unjustified.

---

[3] As defined in 18 U.S.C. § 926C.

Given that the Plaintiff voluntarily surrendered the weapon at issue to the SCPD, there was no unreasonable seizure, and the Fourth Amendment claim fails. See *Negron v. Suffolk County Police Department*, 2020 WL 3506061, at *9 (E.D.N.Y. June 29, 2020) "Where an individual consents to surrender property, a seizure is reasonable." *Negron v. Suffolk County Police Department*, 2020 WL 3506061, at *9 (E.D.N.Y. June 29, 2020) (quoting *Kaminsky v. Schriro*, 760 F. App'x 69, 72 (2d Cir. 2019)). "Moreover, the 'failure to return lawfully seized property is not an unreasonable seizure under the Fourth Amendment.'" *Negron*, at *9 (quoting *Bello v. Rockland Cty., N.Y.*, No. 19-CV-3514), 2020 WL 2319115, at *5 (S.D.N.Y. May 11, 2020) (citation omitted)). There is no dispute that Plaintiff voluntarily turned in his pistol to the SCPD. The "continued retention of property does not constitute an additional seizure or transform a lawful seizure into an unlawful one." *Negron*, at *9 (quoting *Bello*, 2020 WL 2319115, at *5).

Likewise, the due process claim fails.[4] "To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Henrichs v. Ill. Law Enforcement Training and Standards Bd.*, 306 F.Supp.3d 1049, 1058 (N.D. Ill. 2018) (quotation omitted). "To claim a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of the claimed interest. He must, instead, have a legitimate claim of entitlement to it." *Henrichs* at 1058 (internal quotation marks and alterations omitted). The Plaintiff had no valid pistol license and LEOSA gave the Plaintiff no right to, and thus no property interest in, the pistol in question. See *Walker v. City of New York*, 2013 WL 991101, at *5 (E.D.N.Y. Feb. 7, 2013) (dismissing retired correction officer's claim that her due process rights were violated when the department 'denied her the ability to retrieve and continue to carry her Personal Protection Firearm' since she did not possess a handgun license); *McGann v. City of New York*, 2013 WL 1234928, at *7 n.7 (S.D.N.Y. March 27, 2013) (confiscation of an officer's "off-duty firearms" did not involve a due process claim).

Without an underlying Fourth or Fourteenth Amendment violation, the Plaintiff's 42 U.S.C. § 1983/*Monell* claim fails. See *Oquendo v. City of New York*, 492 F.Supp.3d 20, 32 (E.D.N.Y. 2020) ("It is well-settled that a *Monell* claim cannot succeed without an underlying constitutional violation, and here there is no constitutional violation.") (citing *Mastromonaco v. Cty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019)). Likewise, the Plaintiff's claims of conversion and replevin fail because the SCPD's possession of the pistol is not unlawful or unjustified.

I thank the Court for its consideration of this submission.

Respectfully Submitted,
*Marc Lindemann*
Marc Lindemann
Assistant County Attorney

Cc: Raymond Negron (via ECF)

---

[4] Of note, the Plaintiff did not pursue an Article 78 proceeding after the SCPD's decision not to return the pistol. "[W]here a plaintiff alleges deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). "It is well settled that an Article 78 proceeding is an adequate remedy to challenge decisions with respect to firearms licenses." *Oquendo v. City of New York*, 492 F.Supp.3d 20, 29 (E.D.N.Y. 2020) (internal quotation omitted).